IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Thaddeus L. Devlin, | ) | C/A No.: 1:17-1713-JMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Luke Lark; Lt. Sidney Montgomery; Sgt. Ursula Jackson; and Officer Graggs, individually and in their official capacities, | ) | |
| Defendants. | ) | |

Thaddeus L. Devlin ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on the following motions filed by Plaintiff: (1) Motion to Produce [ECF No. 43]; (2) Motion to Appoint Counsel [ECF No. 45]; and (3) Motion to Amend the Complaint [ECF No. 46].

For the reasons that follow, the court denies Plaintiff's motions.

I.  Motion to Produce

Plaintiff's "First Request for Production of Documents" is dated March 12, 2018. The deadline for the expiration of discovery is March 18, 2018, and

the scheduling order provides "All discovery requests shall be served in time for the responses thereto to be served by this date." [ECF No. 40]. Plaintiff's motion to produce is untimely, as there is not sufficient time under the scheduling order for the responses to be served. In addition, discovery should be served on the opposing party, not filed with the court. Therefore, the undersigned denies Plaintiff's motion to produce [ECF No. 43].[1]

II. Motion to Appoint Counsel

Plaintiff has filed a second motion for the court to appoint him counsel. [ECF No. 45]. As the court explained in its July 24, 2017 order denying Plaintiff's first motion to appoint counsel, there is no right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case.

---

[1] Despite labeling his motion "First Request for Production of Documents," Plaintiff also filed a motion to compel [ECF No. 44], in which he indicates that he served requests for documents on Defendants on October 2, 2017. Defendants' response to Plaintiff's motion to compel is due by March 28, 2018, so the court will await ruling on that motion until further briefing.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is again denied.

III. Motion to Amend Complaint

Plaintiff has submitted an amended complaint, which the court liberally construes as a motion to amend pursuant to Fed. R. Civ. P. 15. Plaintiff provides no explanation of why he requests to amend. The deadline to amend pleadings expired on October 19, 2017. [ECF No. 28]. Plaintiff's motion to amend [ECF No. 46] is denied as untimely.

IT IS SO ORDERED.

*Shiva V. Hodges*

March 16, 2018
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge