# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Thaddeus L. Devlin, ) | Civil Action No.: 1:17-cv-01713-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Luke Lark; Lt. Sidney Montgomery; Sgt. ) | |
| Ursula Jackson; and Officer Gragg, ) | |
| individually and in their official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights while incarcerated in the Greenwood County Detention Center ("GCDC"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 75), filed on August 31, 2018, recommending that Defendants' motions for summary judgment (ECF Nos. 59, 62) be granted. The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were notified of their right to file objections. Neither party filed objections to the Magistrate Judge's Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

In this matter, Plaintiff brought an action seeking relief under 42 U.S.C. § 1983, alleging Defendants breached their Eighth Amendment duty to protect him from violence at the hands of another inmate. In order to establish an Eighth Amendment claim, a plaintiff must allege that the deprivation of the right was "objectively, 'sufficiently serious'" and must present evidence that the defendant had a "sufficiently culpable state of mind" necessary to show "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-98, 302 (1991). Because Plaintiff failed to present evidence that any defendant disregarded an objectively serious risk of harm or acted with a sufficiently culpable state of mind to show deliberate indifference, the Magistrate Judge recommended that Defendants' motions for summary judgment be granted.

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court

**ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 75) and incorporates it herein by reference. For the reasons set out in the Report, it is therefore **ORDERED** that Defendants' motions for summary judgment (ECF Nos. 59, 62) are hereby **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 21, 2018
Columbia, South Carolina